UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

In re: )
    Shontel Latancia Maxey )   Case No. **16-08573-JJG-13**
    Debtor )

### CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2017 a copy of the attached AMENDED CHAPTER 13 PLAN #3 and NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN were filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's System.

    John M. Hauber           Dennis M. Ostrowski
    United States Trustee     Brooks J. Grainger

I hereby certify that on June 28, 2017 a copy of the attached AMENDED CHAPTER 13 PLAN #3 and NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN were sent to the following parties by United States Mail, first class postage prepaid: SEE ATTACHED MAILING MATRIX.

                              /s/Jerry E. Smith
                              Jerry E. Smith #28071-49
                              JERRY E. SMITH, ATTORNEY CPA, PC
                              151 N. Delaware St., Suite 1106
                              Indianapolis, IN 46204
                              Phone: (317) 917-8680
                              Fax: (855) 567-6529
                              Email: jerry@debtlaw.us

AT&T
Attn: Bankruptcy
1801 Valley View Ln
Farmers Branch, TX 75234-8906

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530-0001

Bright House Networks
3030 Roosevelt Ave
Indianapolis, IN 46218-3794

CMK Financial
c/o Mark A. Miller, Attorney
8320 Pendleton Pike Ste B
Indianapolis, IN 46226-4018

CMK Financial, Inc.
8320 Pendleton Pike
Suite C
Indianapolis, IN 46226-4018

CREDIT ACCEPTANCE CORPORATION
25505 WEST 12 MILE ROAD
SOUTHFIELD MI 48034-8316

Capital One N.A.
1680 Capital One Dr
McLean, VA 22102-3407

Community Health Network, Inc.
1500 N Ritter Ave
Indianapolis, IN 46219-3027

Complete Real Estate Solutions LLC
c/o Joanne McAnlis, Attorney
711 E 65th St
Indianapolis, IN 46220-1609

Crd Prt Asso
1 Galleria Tower
Dallas, TX 75240

Diversified Consultant
PO Box 551268
Jacksonville, FL 32255-1268

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104-4868

GLA Collection Company, Inc.
2630 Gleeson Way
Louisville, KY 40299-1772

Glen & Jackie Timmons
PO Box 26571
Indianapolis, IN 46226-0571

IMC CREDIT SERVICES, LLC.
PO BOX 20636
INDIANAPOLIS, IN 46220-0636

IMC Credit Services, LLC
6955 Hillsdale Ct
Indianapolis, IN 46250-2054

INTERIM CAPITAL GROUP, INC
C/O KARL T. RYAN, ESQ.
6502 WESTFIELD BLVD.
INDIANAPOLIS, IN 46220-1293

Indiana Bell Telephone Comany, Incorporated
%AT&T Services, Inc
Karen A Cavagnaro - Lead Paralegal
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

Indiana Department of Revenue
Bankruptcy Section
100 N Senate Ave Rm N-203
Indianapolis, IN 46204-2217

Internal Revenue Service
Centralized Insolvency Operations
2970 Market St
Philadelphia, PA 19104-5002

Martin G. Groff, Phd.
9240 N Meridian St # 320
Indianapolis, IN 46260-1822

Med-1 Solutions LLC
517 US Highway 31 N
Greenwood, IN 46142-3932

Medical Associates, LLP
1500 N Ritter Ave
Indianapolis, IN 46219-3027

Medical Associates, LLP
c/o CIPROMS, Inc. Attn: Compliance Ofc
3600 Woodview Trace, 4th Floor
Indianapolis, IN 46268-3124

Nelnet
3015 S Parker Rd Ste 400
Aurora, CO 80014-2904

Premier Bankcard, Llc
c o Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-7999

Rent-A-Center
2172 N Mitthoeffer Rd
Indianapolis, IN 46229-1702

S C S Credit Corp
900 E Colfax Ave
South Bend, IN 46617-2806

SCS Credit Corp
Legal Department
PO Box 4020
South Bend IN 46634-4020

St. Vincent Hospital and Health Car
2001 W 86th St
Indianapolis, IN 46260-1991

| | | |
|---|---|---|
| TIDEWATER FINANCE COMPANY P O<br>BOX 13306<br>CHESAPEAKE VA 23325-0306 | U.S. Attorney's Office<br>10 W Market St Ste 2100<br>Indianapolis, IN 46204-1986 | U.S. Dept. of Education<br>400 Maryland Ave SW<br>Washington, DC 20202-0001 |

U.S. Department of Education
C/O Nelnet
121 South 13th Street, Suite 201
Lincoln, NE 68508-1911

UNITED STATES BANKRUPTCY COURT
Southern District of Indiana
46 E. Ohio St., Rm. 116
Indianapolis, IN 46204

SF13210 (rev 02/2017)

In re:

**Shontel Latancia Maxey**, 
SSN: xxx-xx-5446   EIN: NA
fka Shontel Latancia Miller
4416 Maple Ln
Indianapolis, IN 46226-6607
   Debtor.

Case No. **16-08573-JJG-13**

## NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN

An Amended Chapter 13 Plan was filed on June 2, 2017, by Debtor Shontel Latancia Maxey. A copy of this document is attached.

**NOTICE IS GIVEN** that any objection to the Amended Chapter 13 Plan must be filed with the Court at least **3 days** prior to the 341 meeting date or by July 18, 2017, whichever is later. Objections must comply with S.D.Ind. B-9013-1(d) and must be served on the attorney for the debtor and the chapter 13 trustee.

If no objections are filed, the Court may confirm the amended plan without conducting an actual hearing. Unresolved objections will be scheduled for hearing by the Court at a later date.

Dated: June 20, 2017

Kevin P. Dempsey
Clerk, U.S. Bankruptcy Court

Ch 13 Model Plan (rev 7/22/13)

**United States Bankruptcy Court**
**Southern District of Indiana, Indianapolis Division**

IN RE:  Case No. **16-08573-JJG-13**
**Maxey, Shontel Latancia**  Chapter **13**
Debtor(s)

**CHAPTER 13 PLAN**
[ ] Original   [X] Amended Plan #.  **3**  .
**MUST BE DESIGNAITED**

### 1. GENERAL PROVISIONS:

(a) **YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court. If you have a secured claim, this plan may modify your lien if you do not object to the plan.

(b) **PROOFS OF CLAIM:** This plan does not allow claims. You must file a proof of claim to receive pre-confirmation adequate protection payments and to receive distribution under a confirmed plan. The filed proof of claim shall control as to the claim amount for pre-petition arrearages, secured and priority tax liabilities, and any payment in full offers unless specifically objected to and determined otherwise by the Court. All claims that are secured by a security interest in real estate shall comply with the requirements of B.R. 3001(c) without regard to whether the real estate is the debtor's principal residence.

(c) **NOTICES RELATING TO MORTGAGES:** All creditors with claims secured by a security interest in real estate shall comply with the requirements of FRBP 3002.1 without regard to whether the real estate is the debtor's principal residence. In addition to the requirements of FRBP 3002.1, should there be a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Bankruptcy Court and serve upon the Debtor, Debtor's counsel and the Chapter 13 Trustee ("Trustee") a Notice setting forth the change and providing the name of the servicer, the payment address, a contact phone number and a contact e-mail address.

(d) **NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES):** Non-mortgage creditors in Section 7(c) (whose rights are not being modified) or in Section 10 (whose executory contracts/unexpired leases are being assumed) may continue to mail customary notices or coupons to the Debtor or the Trustee notwithstanding the automatic stay.

(e) **ADEQUATE PROTECTION PAYMENTS:** In accordance with Local Rule B-3015-3, any adequate protection payment offers shall be based upon 1% of the proposed allowed secured claim, although that presumption may be rebutted. The Trustee shall disburse such payments to the secured creditor as soon as practicable after receiving plan payments from the Debtor, and the allowable secured claim will be reduced accordingly. All adequate protection payments shall be subject to the Trustee's percentage fee as set by the United States Trustee. No adequate protection payments will be made by the Debtor directly to the creditor.

(f) **EQUAL MONTHLY PAYMENTS:** The Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The Trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

(g) **PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as a timely amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

### 2. SUBMISSION OF INCOME:
Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the Debtor as is necessary for the execution of this plan.

### 3. PLAN TERMS:
(a). **PAYMENT AND LENGTH OF PLAN:** Debtor has paid $ **1,555.25** through May 7, 2016 (the first **6** months of this Plan) and Debtor shall pay $ **113.91** per **month** to the trustee starting June 7, 2016, for approximately **30** months, for a total amount of $ **4,972.55**. Additional payments to trustee:

1

Case 16-08573-JJG-13   Doc 62   Filed 06/02/17   EOD 06/02/17 00:45:31   Pg 2 of 4
Case 16-08573-JJG-13   Doc 70   Filed 06/28/17   EOD 06/28/17 02:54:54   Pg 6 of 8

Ch 13 Model Plan (rev 7/22/13)

    **(b) INCREASED FUNDING:** If additional property comes into the estate pursuant to 11 U.S.C. §1306(a)(1) or if the Trustee discovers undisclosed property of the estate, then the Trustee may obtain such property or its proceeds to increase the total amount to be paid under the plan. No motion to modify the plan will be required but the Trustee may file a report to court. However, if the Trustee elects to take less than 100% of the property to which the estate is entitled OR less than the amount necessary to pay all allowed claims in full, then a motion to compromise and settle will be filed, and appropriate notice given.

    **(c) CURING DEFAULTS:** If Debtor falls behind on plan payments or if changes to the payments owed to secured lenders require additional funds from the Debtor's income, the Debtor and the Trustee may agree that the Debtor(s) will increase the payment amount each month or that the time period for making payments will be extended, not to exceed 60 months. Creditors will not receive notice of any such agreement unless the total amount that the Debtor(s) will pay to the Trustee decreases. Any party may request in writing, addressed to the Trustee at the address shown on the notice of the meeting of creditors, that the Trustee give that party notice of any such agreement. Agreements under this section cannot extend the term of the plan more than 6 additional months.

    **(d) OTHER PLAN CHANGES:** Any other modification of the plan shall be proposed by motion pursuant to 11 U.S.C. §1329. Service of any motion to modify this plan shall be made by the moving party as required by FRBP 2002(a)(5) and 3015(g), unless otherwise ordered by the Court.

**4. ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):**
All administrative claims will be paid in full by the Trustee unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| Glen & Jackie Timmons | Cure Residential Lease Arrearage (see Paragraphs 10 & 14) | 2,528.00 |

**5. DOMESTIC SUPPORT OBLIGATIONS:** The following Domestic Support Obligations will be paid in the manner specified:

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|---|---|---|---|
| None | | | |

**DEBTOR IS REQUIRED TO PAY ANY PAYMENTS FALLING DUE AFTER THE FILING OF THE CASE PURSUANT TO A DOMESTIC SUPPORT ORDER DIRECTLY TO THE PAYEE IN ORDER FOR THIS PLAN TO BE <u>CONFIRMED</u> AND FOR DEBTOR TO RECEIVE A <u>DISCHARGE</u> FROM THE COURT UPON COMPLETION OF PLAN PAYMENTS HEREIN.**

**6. SECURED CLAIMS RELATING SOLELY TO THE DEBTOR'S PRINCIPAL RESIDENCE-CURING DEFAULTS AND/OR MAINTAINING PAYMENTS (INCLUSIVE OF REAL ESTATE TAXES AND HOMEOWNER'S ASSOCIATION ARREARS):** If there is a pre-petition arrearage claim on a mortgage secured by the Debtor's principal residence, then both the pre-petition arrearage and the post-petition mortgage installments shall be made through the Trustee. Initial post-petition payment arrears shall be paid with secured creditors. If there are no arrears, the Debtor may pay the secured creditor directly. Estimated Current Monthly Installment listed below shall be adjusted based on filed claim and/or notice.

| Creditor | Residential Address | Estimated Arrears | Estimated Current Monthly Installment | Trustee Pay/ Direct Pay |
|---|---|---|---|---|
| None | | | | |

**No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.**

**7. SECURED CLAIMS OTHER THAN CLAIMS RELATING TO THE DEBTOR'S PRINCIPAL RESIDENCE:** After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the equal monthly amount in column (a)(6) or (b)(7) based upon the amount of the claim [(Para. 7(a), column (4)] or value offer [(Para. 7(b), column (5)] with interest at the rate stated in column (a)(5) or (b)(6).

2

Case 16-08573-JJG-13   Doc 62   Filed 06/02/17   EOD 06/02/17 00:45:31   Pg 3 of 4
Case 16-08573-JJG-13   Doc 70   Filed 06/28/17   EOD 06/28/17 02:54:54   Pg 7 of 8

Ch 13 Model Plan (rev 7/22/13)

**(a) Secured Claims To Which 11 U.S.C. 506 Valuation Is Not Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Estimated Claim Amount | (5) Interest Rate | (6) Equal Monthly Payment | (7) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

Additional plan offer, if any, as relates to above claim(s):

**(b) Secured Claims to Which 11 U.S.C. 506 Valuation is Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Scheduled Debt | (5) Value | (6) Interest Rate | (7) Equal Monthly Amount | (8) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|---|
| Rent-A-Center | Clothes Washer & Dryer | 10/31/2016 | 1,500.00 | 700.00 | 4.50% | 7.00 | 7.00 |

Additional plan offer, if any, as relates to above claim(s):

**(c) Curing Defaults and/or Maintaining Payments:** Trustee shall pay allowed claim for arrearage, and Debtor shall pay regular post-petition contract payments directly to the creditor:

| Creditor | Collateral/Type of Debt | Estimated Arrears | Interest Rate (if any) |
|---|---|---|---|
| | | | |

**(d) Surrendered/Abandoned Collateral:** The Debtor intends to surrender the following collateral. Upon confirmation, the Chapter 13 estate abandons any interest in, and the automatic stay pursuant to 11 U.S.C. §362 is terminated as to, the listed collateral. Upon confirmation, the secured creditor is free to pursue its in rem rights in state court.

| Creditor | Collateral to be Surrendered/Abandoned | Scheduled Value of Property |
|---|---|---|
| Credit Acceptance | 2005 GMC Yukon | 5,286.77 |
| S C S Credit Corp. | 2010 Ford Edge | 6,280.00 |

**8. SECURED TAX CLAIMS AND 11 U.S.C. 507 PRIORITY CLAIMS:** All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms). All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise:

| Creditor | Type of Priority or Secured Claim | Scheduled Debt | Treatment |
|---|---|---|---|
| | | | |

**9. NON-PRIORITY UNSECURED CLAIMS:**
**(a) Separately Classified or Long-term Debts:**

| Creditor | Basis for Classification | Treatment | Amount | Interest (if any) |
|---|---|---|---|---|
| None | | | | |

3

Case 16-08573-JJG-13    Doc 62    Filed 06/02/17    EOD 06/02/17 00:45:31    Pg 4 of 4
Case 16-08573-JJG-13    Doc 70    Filed 06/28/17    EOD 06/28/17 02:54:54    Pg 8 of 8

Ch 13 Model Plan (rev 7/22/13)

**(b) General Unsecured Claims:**
[X] Pro rata distribution from any remaining funds; or
[ ] Other:

**10. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** All executory contracts and unexpired leases are REJECTED, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
| Glen & Jackie Timmons | Residential Lease, Year-to-Year through April 30, 2017, Debtor i | Assume & Cure Arrears through Plan as an administrative priority claim per Paragraphs 4 &14. |

**11. AVOIDANCE OF LIENS:** Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions:

| Creditor | Collateral/Property Description | Amount of Lien to be Avoided |
|---|---|---|
| None | | |

**12. LIEN RETENTION:** With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) a discharge order being entered under 11 U.S.C.1328.

**13. VESTING OF PROPERTY OF THE ESTATE:** Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the Debtor upon confirmation of the Debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the Debtor post-petition pursuant to operation of 11 U.S.C. 1306.

**14. MISCELLANEOUS PROVISIONS:**
Debtor is approximately $2,528 in arrears to her landlord where she lives. This arrears shall be treated as an administrative priority claim and paid before any unsecured creditors are paid. See also paragraphs 4 and 10.

Debtor(s) hereby revoke(s) any authorization or perceived authorization to receive phone calls pursuant to the Telephone Consumer Protection Act as specified under 47 U.S.C. §227(b)(1)(A).

Debtor(s) hereby revoke(s) any mediation, arbitration, or any other forum specified in any non-executory contract or negotiable instrument entered into prior to the date of bankruptcy filing.

Any unsecured creditor that fails to timely file an Appearance or proof of claim shall be deemed to have waived any requirement/entitlement to Distribution or Notice of any Amendments, Modifications, or Orders.

In the event relief from stay and/or abandonment is granted to any creditor or party in interest as to any obligation of Debtor, or Debtor elects (either pre-confirmation or post-confirmation) to surrender any property held by the Debtor subject to a purchase or lease agreement, or upon expiration of the lease term, then said creditor or party in interest shall be entitled to a general unsecured claim only, paid pro-rata with other general unsecured claims, and Debtor's personal liability on said obligation shall be discharged upon Debtor receiving a discharge following completion of Plan.

Dated: **June 2, 2017**

**/s/ Jerry E. Smith**
Signature of Attorney

**/s/ Shontel L. Maxey**
Signature of Debtor

_____
Signature of Spouse (if applicable)

**Jerry E. Smith, Attorney CPA, PC**
**151 N Delaware St Ste 1106**
**Indianapolis, IN 46204**
**(317) 917-8680**

4